UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DOLORES QUINTRALL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | ) | CASE NO. C06-1741-MJP<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Dolores Quintrall proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DI) and Supplemental Security Income (SSI) benefits after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it is recommended that this matter be remanded for further administrative proceedings.

/ / /

/ / /

/ / /

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1972.[1] She has a GED. Plaintiff previously worked as a newspaper carrier, in retail sales, at a call-in telephone center, as a home health aide, a waitress, a file clerk, a cashier, and in data entry[2]. (AR 31.)

Plaintiff protectively filed an application for DI and SSI benefits on December 23, 2002. Her application was denied at the initial level and on reconsideration, and she timely requested a hearing, which was held on December 12, 2005. (AR 534-61.) A decision was issued on April 25, 2006 finding plaintiff not disabled. (AR 15-33.)

Plaintiff timely appealed to the Appeals Council. After considering additional evidence, the Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. (AR 6-9.) Plaintiff appealed to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step two, it must be

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[2] As discussed below, plaintiff contests the finding by the ALJ that this position constitutes past relevant work.

determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff to have severe impairments consisting of moderate chondromalacia patella, patella alta, status post arthroscopic repair of meniscus tear, diabetes mellitus, dysthymia, and a personality disorder with dependant and avoidant features. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria for any listed impairment. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff had the RFC to occasionally carry ten pounds, frequently carry less than ten pounds, stand and/or walk for four hours in an eight hour day, and sit for six hours in an eight hour day with a sit/stand option. Plaintiff was found not capable of forceful pushing and pulling with her lower extremities. She was found to have the capacity to occasionally climb ramps and stairs, but not ladders, ropes or scaffolds. She could occasionally kneel and crawl. She could not work around heights or hazards or around the public, and needed to have limited interaction with coworkers. With this functional capacity, the ALJ concluded that plaintiff could perform some past relevant work, specifically the data entry job. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Although finding plaintiff not disabled at step four, the ALJ also conducted a step five analysis and found she could perform jobs that exist in significant numbers in the national economy, including as an ink printer and circuit board assembler.

This Court's review of the ALJ's decision is limited to whether the decision is in

accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ did not give legally sufficient reasons for rejecting the opinions of her treating doctor and, therefore, that substantial evidence does not support either the ALJ's residual RFC assessment or the adverse credibility finding. Plaintiff further argues that the vocational expert's (VE) testimony conflicted with information set forth in the Dictionary of Occupational Titles (DOT) and that the ALJ erred in failing to inquire as to an explanation for the departure from the DOT. Plaintiff also contends that the ALJ erred in finding her past relevant work to include "data entry" work and, therefore, that the step four finding lacks the support of substantial evidence. The Commissioner responds, urging affirmance. The Commissioner argues that the opinions of the treating physician were inconsistent with the other medical evidence and the doctor's own treatment notes, and were properly given little weight. The Commissioner contends that the ALJ provided clear and convincing reasons, supported by substantial evidence, to find plaintiff's exaggerated complaints of disability not credible. The Commissioner also argues that the ALJ's step four finding was supported by substantial evidence and free of legal error and, even if it was not, that the ALJ's alternative step five finding rendered any step four error harmless. For the reasons described below, the undersigned concludes that the matter should be

remanded for further administrative proceedings consistent with this report and recommendation.

Physicians' Opinions

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Where the opinion of the treating physician is contradicted, and the non-treating physician's opinion is based on independent clinical findings that differ from those of the treating physician, the opinion of the non-treating physician may itself constitute substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). It is the sole province of the ALJ to resolve this conflict. *Id*.

"Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the Court credits] that opinion as 'a matter of law.'" *Lester*, 81 F.3d at 830-34 (finding that, if doctors' opinions and plaintiff's testimony were credited as true, plaintiff's condition met a listing) (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)). Crediting an opinion as a matter of law is appropriate when, taking that opinion as true, the evidence supports a finding of disability. *See, e.g.*, *Schneider v. Commissioner of Social Sec. Admin.*, 223 F.3d 968, 976 (9th Cir. 2000) ("When the lay evidence that the ALJ rejected is given the effect required by the federal regulations, it becomes clear that the severity of [plaintiff's]

functional limitations is sufficient to meet or equal [a listing.]"); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (ALJ's reasoning for rejecting subjective symptom testimony, physicians' opinions, and lay testimony legally insufficient; finding record fully developed and disability finding clearly required).

However, courts retain flexibility in applying this "'crediting as true' theory." *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there were insufficient findings as to whether plaintiff's testimony should be credited as true). As stated by one district court: "In some cases, automatic reversal would bestow a benefits windfall upon an undeserving, able claimant." *Barbato v. Commissioner of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1278 (C.D. Cal. 1996) (remanding for further proceedings where the ALJ made a good faith error, in that some of his stated reasons for rejecting a physician's opinion were legally insufficient).

The ALJ discussed the 2005 opinions of treating physician Dr. Dean Williams' as follows:[3]

> In December 2005, Dr. Williams answered questions put to him by claimant's attorney. (FN. I note that the questions posed to the doctor were not specific to the claimant, nor the documentary record. Often the questions were vague, speculative and phrased in a manner that evoked responses not specific to the claimant, but much more general answers.) He stated that objective evidence supported claimant's diabetes and depression, even though the evidence for depression was simply claimant's subjective reports. He felt that regardless of whether claimant could sit or stand, she could not handle any work when her depression was not under control. He felt she could start at a part-time job to see how well she could tolerate that. He felt her issues with insulin were disabling because she was not on proper medication. The record shows that claimant was not compliant with her diabetes management, which is not a good enough reason to find her disabled due to that. While Dr. Williams

[3] Elsewhere in the decision, the ALJ also addressed other portions of Dr. Williams' treatment records. (AR 21-22.) Plaintiff does not challenge the sufficiency of the ALJ's treatment of those records.

> denied that her problems with diabetes were due to a lack of compliance on her part, the record reflects otherwise. Medical help is available for those of limited means. He felt she could not perform sedentary work, and based that on his opinion that the claimant's reported limits [were] reasonable.
>
> The undersigned gives this purported Q & A little weight. It was prepared in anticipation of the hearing, and there is no evidence of the circumstance under which it was conducted, or even that it is a full and complete transcript. There is not even a notation as to who transcribed this purported conversation. The witness was not sworn, or asked to attest under penalty of perjury. Many of Dr. Williams' opinions are speculative and are not supported by the record or by his own treating notes. For example, there is no evidence that claimant suffers major or persistent symptoms from her diabetes, yet Dr Williams speculated that it "could" affect her mood and energy level. However, at no point in his treatment notes did Dr. Williams document such symptoms or complaints in treating this claimant. He did not diagnose ventral hernias, and did not specifically quantify any clinical effects. He simply credited her complaints of pain. He speculated again in stating that her obesity "may" indicate a level of non-fitness that could impair her ability to work, but again never made such a diagnosis in his treatment notes. He asserts that claimant had chronic pain which impacted depression, but never documented such pain, nor prescribed any serious pain medication. Also, there is little record of claimant's asserted symptoms in his treatment notes. This statement was taken under questionable conditions that did not allow for any opportunity to further examine or challenge Dr. Williams's [sic] statements, and it is filled with speculative assessments of how a patient might generally be affected by conditions. However, it lacks specificity as to how this particular claimant has been affected by certain issues, and there is little support for the doctor's conclusions related to claimant's mental health. Dr. Williams is not a mental health specialist.

(AR 23-24; internal citations to record omitted.)

Plaintiff suggests several bases for finding the ALJ's rejection of Dr. Williams' December 2005 opinions to lack the support of substantial evidence and legal sufficiency. Plaintiff argues that, contrary to the ALJ's finding, Dr. Williams' statement was made under penalty of perjury and sets forth the circumstances and completeness of its making. She notes that the ALJ's suggestion that there was a lack of opportunity for further examination or challenge to Dr. Williams' statements was not well founded, as the ALJ had ample opportunity to do so. Plaintiff challenges

the ALJ's characterization of Dr. Williams' opinions as lacking specific application to plaintiff herself, and maintains that the *ipso facto* rejection of the opinions as obtained by her attorney is an error of law under the circumstances as presented in this case. Plaintiff contends the ALJ made factual errors in noting a lack of diagnosis of obesity or ventral hernias, and that it was not appropriate to discount Dr. Williams' opinions as to her mental condition.

The Commissioner concedes the inappropriateness of these grounds as a basis for weighing Dr. Williams' opinions. However, the Commissioner argues that the ALJ articulated a separate, legally sufficient basis for giving the opinions little weight, based on the lack of support in the record or the doctor's own treatment notes. (*See* Dkt. 17 at 6.)

Although the ALJ does state the absence in Dr. Williams' treatment notes of a record of plaintiff's asserted symptoms as one of the reasons for rejecting his December 2005 opinions, this basis is so intertwined with the other grounds conceded by the Commissioner to be inappropriate that it cannot be said to be a separate and independent ground. Nor can the conceded errors be considered harmless, since it is not possible to determine that they did not materially affect the ALJ's conclusion. *Cf. Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006) (finding error harmless because "numerous other record-supported reasons" were given by the ALJ).

The Commissioner's extensive discussion of the other medical evidence does not serve to rehabilitate the ALJ's finding, since "we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Id.* at 1054 (citing *Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir. 2001) (citing *SEC v. Chenery Corp.* 332 U.S. 194, 196 (1947))). However, that evidence does mitigate against the appropriateness of crediting Dr. Williams' opinions as true, as it cannot be said from the record that the ALJ would be compelled to find

plaintiff disabled were Dr. Williams' disputed opinions credited. *Bunnell v. Barnhart*, 336 F.3d 1112, 1116 (9th Cir. 2003). Furthermore, the ALJ cited at least one potentially appropriate reason for not accepting Dr. Williams' opinions. Therefore, the matter should be remanded to allow the ALJ to re-evaluate Dr. Williams' December 2005 opinions, avoiding the legal and factual errors conceded by the Commissioner, while giving the appropriate weight accorded to a treating source.

Although not addressed by the parties, other portions of the ALJ's discussion of Dr. Williams' opinions are problematic. In discussing the July 2004 and April 2005 evaluations conducted by Dr. Williams, the ALJ gave those opinions "weight to the extent they are consistent with the residual functional capacity determined in this case". (AR 21-22.) This reasoning puts the proverbial cart before the horse. The opinions should be evaluated as part of the process of determining RFC, rather than the other way around. On remand, instead of utilizing the RFC determination as a touchstone for evaluating the doctor's opinions, the ALJ should evaluate the merits of Dr. Williams' opinions as part of the process of deciding plaintiff's RFC.

Credibility Determination

The Commissioner argues that the ALJ properly assessed plaintiff's credibility by providing clear and convincing reasons, supported by substantial evidence. Such evidence, the Commissioner points out, included exaggerated complaints of disability not supported by the record, evidence of self limitation and lack of motivation, numerous inconsistencies in plaintiff's statements, and a tendency to exaggerate. Plaintiff, however, simply argues that the ALJ should re-weigh her credibility after properly considering Dr. Williams' December 2005 opinions on remand. Plaintiff's argument is well taken. If the ALJ's re-evaluation of Dr. William's December 2005 opinions impacts the assessment of plaintiff's credibility, the ALJ should reassess plaintiff's

credibility.

Consistency of Step Five Finding with DOT

Plaintiff contends that the ALJ committed error at step five of the sequential analysis by failing to inquire of the VE about any possible conflict between the VE's testimony and the DOT. In support of this contention, plaintiff cites the recent case of *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007). In response, the Commissioner asserts that plaintiff's argument is without merit because there is no conflict between the VE's testimony and the DOT.

Social Security Ruling (SSR) 00-4p provides that, in utilizing a VE, the ALJ has "an affirmative responsibility" to ask about any possible conflict between the VE's opinion and any information provided in the DOT, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs. The Ninth Circuit recently confirmed that the procedural requirements of SSR 00-4p unambiguously require the ALJ to make this inquiry on the record. *Massachi*, 486 F.3d at 1152-53. The ALJ may rely on expert testimony which contradicts the DOT if the record contains persuasive evidence to support the deviation. *Id*. at 1153 (citing *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). However, the ALJ must first determine whether a conflict with the DOT exists and, if so, whether the VE's explanation is reasonable. *Id.*

In this case, although the ALJ's decision sets forth the finding that "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles" (AR 32), this finding is unsupported by substantial evidence, as the ALJ failed to satisfy the affirmative responsibility to make this inquiry of the VE. (AR 556-60.) Although the expert gave DOT identification numbers for the two jobs proffered as appropriate for plaintiff at step five, plaintiff contends that the jobs as described in the DOT would not be

consistent with the sit-stand option included in the hypothetical posed to the VE by the ALJ. Although the Commissioner disputes the discrepancy, he does not contend that the affirmative inquiry required by SSR 00-04p was made.

Given the ALJ's failure to make the required inquiry of the VE, substantial evidence does not support the ALJ's step-five determination of plaintiff's ability to successfully adjust to other work. The case should be remanded so that the ALJ can apply SSR 00-4p's requirements and determine whether the jobs identified by the VE are consistent with the definitions in the DOT and with plaintiff's limitations.

<u>Past Relevant Work</u>

The ALJ's step-five finding that plaintiff was capable of making an adjustment to other work was an alternative to the step-four finding that plaintiff was capable of performing her past relevant work as a data entry operator. However, plaintiff contends that she never worked at a job exclusively doing data entry work, but rather worked as a retail sales manager of which doing data entry was just one part of the job. The job also included a lifting component of up to 100 pounds, which would be outside the ALJ's determination of her RFC. The administrative record confirms this description of plaintiff's work (AR 94) and nothing in the record, including the hearing transcript, establishes otherwise.

It is error to classify a social security claimant's work based on its least demanding function. *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985). Substantial evidence does not support the ALJ's step four finding that plaintiff's past relevant work was as a data entry worker. As argued by plaintiff, her past relevant work as a retail sales manager included data entry work as a component, but the physical requirements of the job exceeds her RFC as assessed by

the ALJ. The ALJ did not find plaintiff capable of performing any other jobs which constitute past relevant work. Therefore, the ALJ's step four finding should be reversed.

Conclusion

This case should be remanded for further administrative proceedings. The ALJ should reconsider the December 2005 opinions of treating physician Dr. Williams based on legally sufficient grounds and then, based on that reconsideration, re-evaluate plaintiff's credibility. The step-four finding that plaintiff is capable of returning to past relevant work should be reversed. The ALJ should re-conduct the step-five analysis, making affirmative inquiry of the VE as to the consistency of identified jobs with the DOT, and determining the reasonableness of any conflict.

DATED this 20th day of July, 2007.

Mary Alice Theiler
United States Magistrate Judge